# Crosby v. American Slovak Hall Association, Appellant.

*Contract—Building contract—Certificate of architect—Fraud and collusion—Case for jury.*

In an action to recover a balance alleged to be due on a building contract which provided that payments were to be made only on a

certificate to be given by the architect, the case is for the jury where the evidence for the plaintiff, although contradicted, tended to show that the work was done in all particulars as called for by the contract, and that the architect was not justified in refusing to give the final certificate when requested to do so, and acting in collusion with the defendant, wrongfully withheld it.

Argued April 26, 1915. Appeal, No. 167, April T., 1915, by defendant, from judgment of C. P. Allegheny Co., April T., 1911, No. 493, on verdict for plaintiff in case of J. W. Crosby, et al., doing business as Crosby Brothers, v. American Slovak Hall Association.    Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Assumpsit to recover a balance alleged to be due on a building contract.    Before EVANS, J.

At the trial when J. W. Crosby, one of the plaintiffs, was on the stand, the following offer was made:

Counsel for the plaintiff proposes to prove by the witness on the stand that the contract dated the 25th day of February, 1910, was completed in accordance to the specification; that under the supplemental contract of October 18th, the building was erected and completed and was delivered to the defendant in this case and they accepted it subject to the determination of the liability of the defendant for the sum of $1,000.00; that as the work progressed the architect, Lohman, was upon the premises and from time to time approved the work and stated to the plaintiff in this case that the same was completed and particularly completed as to the matters which are set up in the affidavit of defense and which are in issue in this case to his satisfaction; that subsequent to the 18th day of October, 1910, after he had recovered from his illness the plaintiff in this case asked for a final certificate; and that that final certificate was refused, and refused for the reason that certain parts of the building, as then claimed by the committee having in charge this work were not completed in accordance

with the plans and specifications; that the said Lohman, the architect, told the plaintiff in this case that the building was in its entirety completed in accordance with the plans and specifications and particularly those portions of it and that if he, Lohman, could satisfy the owners of the building to that effect he would issue his certificate; that they were objecting.

By Mr. Calder:  The defendant objects to the offer as incompetent, irrelevant and immaterial under the pleadings in this case.

Objection overruled.  Exception (1).

The court charged in part as follows:

[The particular claim of collusion here is made on the part of the plaintiff under these circumstances that the architect had approved the work, had approved the floor, had approved the plastering and had approved it immediately before he condemned it, but that after going away and engaging in private conversation; going away apparently for the purpose of engaging in private conversation he came back and repudiated what he had said before, and said that the floor must come out and a few days afterward, almost immediately afterward, sent a notice condemning the floor and several other pieces of work.]   (2)

[If the defendant knew that whatever was wrong was the fault of the architect and not of the plaintiff, and knowing that insisted on the architect refusing the certificate, knowing that the fault was his and not the contractor's and the architect acceded to their demands and refused the certificate that would be evidence of a conspiracy between them because they were acting together, both knowing that the work had been done in accordance with the contract.]   (3)

Verdict and judgment for plaintiff for $1,230.  Defendant appealed.

*Errors assigned* were (1) ruling on evidence quoting the bill of exceptions; (2, 3) above instructions quoting them.

*John Kulamer,* with him *George O. Calder,* for appellant, cited: Pressy v. McCormick, 235 Pa. 443; Hartupee v. Pittsburgh, 131 Pa. 535; Fay v. Lester Piano Co., 32 Pa. Superior Ct. 437.

*Joseph F. Mayhugh,* for appellee, cited: Fay v. Lester Piano Co., 32 Pa. Superior Ct. 437.

OPINION BY ORLADY, J., October 11, 1915:

The plaintiffs recovered a verdict for the full amount claimed to be due on a building contract, which provided that payments were to be made only on a certificate to be given by the architect. Despite the fact that the architect refused to issue a certificate for the balance of the contract price, the plaintiff sustained his right to recover under allegation and proof that the certificate was withheld because of a fraudulent collusion between the architect and owners, and this vital question was fairly submitted to the jury. The trial judge saying, "the question here is whether there was collusion between the architect and the defendant for the purpose of preventing the final payment, and the burden of proof is on the plaintiffs to satisfy you by the weight of the evidence that there was collusion." We held in Fay v. Lester Piano Co., 32 Pa. Superior Ct. 437, that the question whether the contractor had sufficient reason or excuse for not producing the architect's certificate that the work had been completed to his satisfaction, as stipulated in the contract, was for the jury. Under that authority the case was rightfully submitted, in that, as in this case there was evidence tending to show that the work was done in all particulars as called for by the contract, and that the architect was not justified in refusing to give the final certificate when requested to do so, and acting in collusion with the defendant, wrongfully withheld it. See also Pittsburgh Terra-Cotta Lumber Co. v. Sharp, 190 Pa. 257, in which the same rule is declared. The amendment to the plaintiffs' statement did not change the cause of action, at most,

it but more specifically set forth the alleged collusive withholding of the certificate by the architect. There being no reversible error shown in the record, the judgment is affirmed.